United States District Court
District of Massachusetts

```
_____
                              )
RONALD E. ALLARD,             )
        Petitioner,           )
                              )
        v.                    )    Civil Action No.
                              )    07-11373-NMG
LUIS SPENCER,                 )
        Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Petitioner, Ronald E. Allard, Jr. ("Allard"), has moved for a certificate of appealability ("COA") so that he may appeal this Court's denial of his habeas petition brought pursuant to 28 U.S.C. § 2254.  His arguments are without merit and his motion will be denied.  The First Circuit Court of Appeals Local Rules, however, require that this Court explain its reasons for denying the COA.

**I.   Background**

Allard was convicted in 1995, in the Massachusetts Superior Court Department for Hampden County, of murder in the first degree based on theories of deliberate premeditation and extreme atrocity or cruelty.  He was convicted of murdering his former girlfriend's new boyfriend and secluding the body in a wooded area.  A co-defendant entered into a cooperation agreement with the police and testified at Allard's trial.  Allard's conviction

-1-

was affirmed by the Massachusetts Supreme Judicial Court ("the SJC") in 1999.

Allard filed a timely petition for a writ of habeas corpus in 2000. In 2001, he moved for leave to dismiss his habeas petition without prejudice so that he could exhaust a claim of ineffective assistance of counsel in state court. The unopposed motion was allowed.

In 2003, after allegedly discovering previously unknown facts relating to his co-defendant, Allard filed a motion for a new trial in state court. That motion was denied, and his application for leave to obtain further appellate review was denied by the SJC in July, 2007.

On July 27, 2007, Allard filed a second petition for a writ of habeas corpus. In November, 2007, respondent filed a motion to dismiss Allard's petition as time-barred under 28 U.S.C. § 2244(d)(1), and the following June, Magistrate Judge Judith G. Dein issued a Report and Recommendation in which she recommended that respondent's motion to dismiss be allowed. On July 15, 2008, this Court accepted and adopted the Report and Recommendation over the defendant's objection. Allard filed the pending motions for a certificate of appealability and leave to appeal in forma pauperis on August 4, 2008.

**II.   Analysis**

    **A.   Legal Standard for COA**

A habeas petitioner may not appeal the final order of a district court unless the district court issues a COA. 28 U.S.C. § 2253(c)(1). Further, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). "If the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue." 1st Cir. L.R. 22.1(a).

Where a court has rejected a constitutional habeas claim on procedural grounds without reaching the merits of the underlying claim(s), the COA petitioner must show, at least, that

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    **B. Statute of Limitations Under the AEDPA**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of several dates, relevantly including 1) the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review and 2) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Id. The time during which a state collateral review is pending does not count toward the period of limitations. Id. at § 2244(d)(2).

The First Circuit has allowed equitable tolling of the § 2244(d)(1) limitations period only in "rare and extraordinary cases," in view of the totality of the circumstances. Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007). For equitable tolling to apply, "a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances prevented him from making a timely filing." Id.

**C. Application**

Because Allard's petition was denied on procedural grounds, he bears the burden of showing that jurists of reason would find debatable both the district court's procedural ruling and the validity of his claim of the denial of a constitutional right. Although Allard's application for COA contains several arguments relating to his underlying constitutional claim,

> a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

Slack, 529 U.S. at 485. Because the district court's procedural

-4-

ruling was correct, there is no need to address the constitutional claim that Allard has raised.

Allard's conviction became final on September 21, 1999, at the end of the 90-day period during which he could have filed a petition for certiorari with the United States Supreme Court. See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 79 n.7 (1st Cir. 2002). Magistrate Judge Dein, applying the date set out in 28 U.S.C. § 2244(d)(1)(A), found that the statute of limitations for Allard's application for a writ of habeas corpus expired one year later on September 21, 2000.

Allard suggests that the statute of limitations instead should have begun to run on June 2, 2003, the date on which he alleges to have discovered new information relating to his co-defendant's plea agreement with the government. Allard claims that such information, i.e. the existence of a plea agreement between his co-defendant and the government, represents the "factual predicate" to his claims under under § 2244(d)(1)(D). Because the lapse of time between the filing of Allard's motion for a new trial in 2003 and the SJC's conclusion of appellate review in 2007 would be discounted under § 2244(d)(2), Allard's pending habeas petition would allegedly be timely.

In considering Allard's argument, Magistrate Judge Dein observed:

> these facts are simply not newly discovered evidence. Allard knew that his co-defendant was entering into

>some sort of deal with the government, and the plea
>agreement was easily ascertained from the docket.

In his application for COA, Allard contends that, because his co-defendant at trial denied having made any promise or deal with the government, Allard had no reason to request his co-defendant's docket sheet earlier.

In addition to the reasons given by Magistrate Judge Dein, the information received by Allard in 2002 does not warrant a later limitation period under § 2244(d)(1)(D) because Allard did not exercise the "due diligence" required by that provision. Even if Allard was not specifically aware of his co-defendant's plea agreement in 1995, he acknowledges being aware that his co-defendant anticipated receiving some "consideration" for his testimony. Allard did not request his co-defendant's docket entries until 2002, seven years after the trial. Therefore, Magistrate Judge Dein correctly concluded that the statutory clock began to run on the date Allard's judgment became final.

Equitable tolling is not appropriate for the several reasons explained by Magistrate Judge Dein, namely:

>1) the information that Allard claims to have been newly-discovered evidence was available to him before his direct appeal;
>
>2) the likelihood that the prosecution would be prejudiced if it was forced to retry this 14-year-old case;
>
>3) Allard is not facing the death penalty; and

> 4) Allard himself withdrew his original habeas
> application and did not thereafter diligently pursue
> his post-conviction remedies.

Viewed in their totality, Allard's circumstances do not form the kind of "rare and extraordinary" case, outlined in Trapp, for which equitable tolling is appropriate.  479 F.3d 53.

Allard also argues that although he requested a dismissal of his petition in 2001, he should have been granted a stay at that time because he was in the process of exhausting a claim of ineffective assistance of counsel in state courts.  He bases his argument on Nowaczyck v. Warden, New Hampshire State Prison, in which the First Circuit held that a habeas petitioner with a "mixed petition" (containing both exhausted and unexhausted claims) may proceed with exhausted claims in federal court while unexhausted claims are still pending in state court.  299 F.3d 69, 76 (2002).  The Court in that case commended the use of stays by federal courts in such situations, especially where the unexhausted claims had become time-barred under the AEDPA.  Id. at 79.

Allard's situation in 2001 is distinguishable from that of the petitioner in Nowaczyck.  Unlike the petitioner in Nowaczyck, Allard himself moved voluntarily to dismiss the exhausted claim in his petition and did so without first requesting a stay.  He requested a dismissal specifically in order to pursue a separate unexhausted claim in state court.  In doing so, he sacrificed the

claims. As Magistrate Judge Dein observed, "[t]he District Judge was under no obligation to advise Allard of the consequences of his dismissal."

### ORDER

In accordance with the foregoing, petitioner's motion for leave to appeal in forma pauperis (Docket No. 19) is **DENIED** as moot and his motion for the issuance of a certificate of appealability (Docket No. 20) is **DENIED.**

**So ordered.**

                                                       /S/ Nathaniel M. Gorton
                                                    Nathaniel M. Gorton
                                                    United States District Judge

Dated March 25, 2009